IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

R.J.E. KENSTING,

                       Plaintiff,

v.

W.A. SCHROEDER,

                       Defendant.

OPINION & ORDER

16-cv-771-jdp

---

Pro se plaintiff R.J.E. Kensting has filed a proposed civil action against W.A. Schroeder concerning events surrounding the 1983 settlement of the Estate of Robert J. Kensting in the Circuit Court of Oneida County, Wisconsin. Because Kensting is proceeding *in forma pauperis*, I must screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's complaint, I must read the allegations made in the complaint generously. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). After reviewing the complaint, Dkt. 1, I conclude that Kensting's allegations do not establish that this court has subject matter jurisdiction over the action, nor do they state a claim for relief. However, I will allow him an opportunity to file an amended complaint if he can correct these problems.

ALLEGATIONS OF FACT

Plaintiff R.J.E. Kensting alleges that defendant W.A. Schroeder owes him $14,078.29 as a result of the settlement of the Estate of Robert J. Kensting, File Number 12-025, in the Circuit Court of Oneida County, Wisconsin. Letters from the Oneida County Circuit Court

that Kensting attached to his complaint, Dkt. 1-1 and Dkt. 1-2, indicate that final judgment was entered in the estate in 1983, but nothing in the complaint explains who Schroeder is or what he did.

Kensting also alleges that he gave Schroeder a briefcase to use while the estate was in probate, which Schroeder failed to return. Kensting asks that Schroeder pay him $37,805.33, which includes a rental fee for 35 years of use of the briefcase, the depreciation of the briefcase's value, and other damages.

In sum, Kensting requests $51,883.62 in damages.

ANALYSIS

There are two problems with Kensting's complaint. First, Kerstin's complaint does not establish that this court has subject matter jurisdiction. "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless a complaint raises a federal question or alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, the case must be dismissed for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Kensting states that the court has jurisdiction under 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States," 28 U.S.C. § 1343, which provides for jurisdiction of certain civil rights claims, and 28 U.S.C. §§ 2201-02, which provide that federal district courts may issue declaratory judgments in cases of actual controversy that are otherwise within the courts' jurisdiction. The laws Kensting cites boil down to this rule: this court has jurisdiction, which may include the ability to issue declaratory judgments, over claims raising a federal question. I see no federal cause of action that Kensting's allegations support. A complaint under state law only does not establish federal jurisdiction unless Kensting can establish diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists when: (1) the amount in controversy exceeds $75,000; and (2) the parties are citizens of different states. Kensting does not allege that he and Schroeder are citizens of different states. And he seeks a total of only $51,883.62 in damages. This does not meet the minimum amount in controversy required for diversity jurisdiction.

The second problem is that Kensting's complaint does not allege sufficient facts to state a claim for relief. Under Federal Rule of Civil Procedure 8, Kensting's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Kensting's allegations are vague and conclusory. Kensting asserts claims under 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution. But § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by" the U.S. Constitution and federal statutes. *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979). Kensting has not described how Schroeder violated Kensting's constitutional rights. Kensting alleges no facts in support of his claim that Schroeder owes him $14,078.29. He does not explain what role Schroeder had in the probate action or why Schroeder allegedly owes Kensting money. Although his allegations that Schroeder did not

3

return a briefcase that Kensting loaned to him may state a claim under state law, a state law claim does not support a claim under § 1983. And even if Kensting had alleged facts showing that Schroeder violated Kensting's rights under the Constitution or a federal law, § 1983 allows federal lawsuits only against people acting "under color of state law." *Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010). That means that Schroeder must have been acting on behalf of the state when he violated Kensting's rights. Kensting has not alleged that Schroeder acted "under color of state law."

Before dismissing this action for lack of subject matter jurisdiction, I will give Kensting an opportunity to file an amended complaint that states a claim for relief under federal law. He should write his amended complaint as if he were telling a story to people who know nothing about his situation. He should state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who committed each of those acts; and (4) what relief he wants the court to provide.

Kensting should also address the statutes of limitations on his claims. A statute of limitations defense is an affirmative defense, but a district court may dismiss a complaint if a party pleads enough information to show that the complaint is untimely. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002). Kensting alleges that Schroeder has owed him money, and a briefcase, since 1983. None of the statutes of limitations that appear to apply to Kensting's potential claims allow him to bring a claim more than 30 years after the events occurred. *See* Wis. Stat. §§ 893.40 (20-year limit for "Action on judgment or decree"); 893.35 (six-year limit for "Action to recover personal property"); 893.51 (six-year limit for "Action for wrongful taking of personal property").

Kensting must file his amended complaint by January 12, 2017, or I will dismiss the case for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that:

1. Plaintiff R.J.E. Kensting's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until January 12, 2017, to file an amended complaint that provides a short and plain statement of plaintiff's claims against defendant. If plaintiff submits an amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss the case for lack of subject matter jurisdiction.

Entered December 22, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge